IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| CALVIN T. McCARVER § | |
| § | |
| V. § | NO. 1:04-CV-785 |
| § | |
| CSA, LTD. and COMBAT § | |
| SUPPORT ASSOCIATES § | |

## ORDER DENYING DISPOSITIVE MOTIONS WITHOUT PREJUDICE

Defendants move for dismissal for lack of jurisdiction, and, alternatively, for summary judgment. After initial review, the court concludes that disposition of both motions is likely fact-specific. For example, the degree of control with which defendant Combat Support Associates governs defendant CSA, Ltd. is relevant to defendants' motion to dismiss for lack of jurisdiction. Likewise, whether there exists a workplace rule that employees must first remain employed in the position for which they were hired for 90 days before seeking promotion or transfer, and whether defendants enforce the rule with consistency, are relevant to defendants' pending motion for summary judgment.

Inasmuch as there has been inadequate time for discovery, the court cannot rule yet on defendants' motions to dismiss for lack of jurisdiction and motions for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)

(stating that Rule 56(c) can apply to mandate entry of summary judgment *after adequate time for discovery*).  It is therefore

**ORDERED** that defendants' motions to dismiss for lack of jurisdiction (Docket Nos. 4, 10, and 20) and defendants' motions for summary judgment (Docket Nos. 5, 10 and 20) are **DENIED** as premature, and without prejudice to reassertion after adequate time for discovery elapses.

Pursuant to the parties' suggestion in their Rule 26(f) report, the court will establish two separate phases of discovery in order to bifurcate the discovery period for jurisdictional issues from the discovery period for other facts.

SIGNED this 11th day of July, 2005.

_____
Earl S. Hines
United States Magistrate Judge